**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| FIRUZ KHUDOYBAKHSHOV,<br><br>Petitioner,<br><br>v.<br><br>SHERIFF OF GREENE COUNTY MISSOURI, et al.,<br><br>Respondents. | ) | Case No. 6:26-cv-03533-MBB |

**ORDER**

Petitioner Firuz Khudoybakhshov (hereafter "Petitioner") petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, wherein he challenges his continued detention during his removal proceedings. He argues that Respondents (collectively "the Government") have wrongfully detained him without a bond hearing since August 18, 2026. Doc. 1 at 2. He asks the Court, *inter alia*, to order his immediate release. *Id*. at 8. Because Petitioner's detention is required pursuant to 8 U.S.C. § 1225(b)(2)(A) and does not violate procedural or substantive due process, the petition is **DENIED**.

**Standard**

Title 28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Rasul v. Bush*, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." *Vargas Lopez v. Trump*, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025); *see also Johnson v. Mabry*, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

## Background

Petitioner is a citizen of Uzbekistan who entered in the United States in 2022. Doc. 1-1 at 1, 3. After presenting himself to the Department of Homeland Security at the border, he was placed in removal proceedings and allowed entry into the United States. *Id.* at 4. On August 16, 2026, Petitioner was taken into custody by local authorities who transferred him to the custody of the United States Immigration and Customs Enforcement ("ICE"). *Id.* at 6. A warrant was not issued for Petitioner's arrest until after he had been detained. *Id.* at 5. Since being taken into custody, Petitioner has not received a bond hearing. *Id.* at 6. Petitioner's removal proceedings and application for asylum remain pending and no final order of removal has been entered. *Id.* at 4.

## Discussion

Petitioner raises three grounds for relief: (1) he was unlawfully arrested in violation of the Fourth Amendment; (2) his continued detention without a bond hearing violates 8 U.S.C. § 1226(a); and (3) his detention is arbitrary and punitive violating his right to due process. Doc. 1 at 6-7. The Government argues the petition is without merit. Doc. 4 at 2-12. The Court addresses each of Petitioner's claims in turn.

### I. No warrant is required to arrest an alien subject to detention under 8 U.S.C. § 1225(a)

In Ground 1, Petitioner alleges that a warrant for his arrest was not issued until after local authorities had detained him. Doc. 1-1 at 7. Petitioner's argument is fundamentally flawed, however, because Petitioner assumes that he is detained under 8 U.S.C. § 1226(a). Doc. 1 at 14-15. Had he been so detained, Petitioner's cited authority might apply. *See Perez Marinero v. Bondi*, No. 0:26-CV-1007, 2026 WL 357653, at *1 (D. Minn. Feb. 9, 2026) ("The existence of a warrant matters, because it's the warrant that triggers 28 U.S.C. § 1226(a)."); *see also* 8 U.S.C. § 1357(a)(2) (authorizing immigration officers to arrest an alien without a warrant if they have reason to believe the alien is in the United States in violation of law and is likely to escape before a warrant can be obtained). However, as set forth below, Petitioner is an applicant for admission subject to mandatory detention under § 1225(b)(2)(A). As such, Petitioner has not shown that a warrant was required prior to his detention. *See Muse v. Mullin*, No. 26-CV-4024-CJW-MAR, 2026 WL 1008532, at *2-*3 (N.D. Iowa April 14, 2026) ("As stated, the Eighth Circuit has determined that petitioner is an applicant for admission subject to mandatory detention, and thus there is no warrant requirement."). Like the petitioner in *Muse*, "Petitioner has not cited

any authority for a warrant requirement for an alien detained under § 1225(b)(2)(A), and the Court is not aware of any." *Id*. at *3. Ground 1 is denied.

## II. *Avila* allows for Petitioner's continued detention

The Court next considers Ground 2 where Petitioner alleges that his detention violates 8 U.S.C. § 1226(a) because he has not been given a bond hearing. Doc. 1-1 at 9-11. As set forth below, *Avila* forecloses Petitioner's statutory argument that he cannot be held pursuant to § 1225(b)(2)(A).

Generally, *Avila v. Bondi,* 170 F.4th 1128 (8th Cir. 2026), allows for continued detention for detainees seeking admission into the United States. *See also Ocelotl-Aca v. Mullin*, No. 6:26-cv-03268-MBB, Doc. 7 (W.D. Mo. June 16, 2026) (discussing the continued detention requirement under 8 U.S.C. § 1225(b)(2)(A)). Petitioner argues that he is not an applicant seeking admission because he entered the United States and was later apprehended. Doc. 1-1 at 10.

### A. Petitioner is an "applicant for admission."

An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." *Avila*, 170 F.4th at 1133. "Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other." *Sanchez v. Mayorkas*, 593 U.S. 409, 415 (2021). "An alien who is paroled . . . shall not be considered to have been admitted." 8 U.S.C. § 1101(a)(13)(B).

On this record, Petitioner has not shown that he has "made lawful entry into the country." *See Avila*, 170 F.4th at 1133. He is therefore an "applicant for admission" under § 1225(b)(2)(A).

### B. Petitioner is "seeking admission."

If an alien is an "applicant for admission," he is also "seeking admission." *Avila*, 170 F.4th at 1134 (holding that "the structure of § 1225(b)(2)(A) does not indicate that 'seeking admission' is a separate requirement for detention under the statute"). In *Avila*, the petitioner entered the United States illegally in 2016. *Id.* at 1132. DHS encountered him during a traffic stop years later, arrested him, initiated removal proceedings, and held him without bond under § 1225(b)(2)(A). *Id.* The Eighth Circuit held that § 1225(b)(2)(A) authorized the petitioner's detention without bond. It explained that "an alien 'seeks admission' under the statute simply by being 'present in the United States' while having 'not been admitted.'" *Id.* at 1135 (citation omitted).

Here, Petitioner is present in the United States and has not shown that he has been admitted. He is therefore "seeking admission" under § 1225(b)(2)(A).

**C. No immigration officer has determined that Petitioner is "clearly and beyond a doubt entitled to be admitted."**

Petitioner does not allege, and the record does not show, that any immigration officer has determined that he is entitled to admission. He presents no evidence of any immigration determination relevant to admission. He is not "clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Section 1225(b)(2)(A) permits the Government to detain him without bond while his removal proceedings remain pending. Petitioner fails to set forth any factual basis to change the analysis under *Avila*. Therefore, Petitioner's continued detention is required under § 1225(b).

**III. Petitioner's continued detention does not violate due process because the legislative scheme permits it.**

In Ground 3, Petitioner argues that his continued detention without an individualized bond hearing violates procedural due process and he was arrested without a warrant. Doc. 1-1 at 11-12. However, removable aliens like Petitioner may be detained pending removal proceedings "simply by reference to the legislative scheme." *Banyee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under § 1225 "has only those rights regarding admission that Congress has provided by statute"). In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *Demore*, 538 U.S. at 531. The Court favorably cited § 1226(c)'s limitation of detention pending removal. *Id.* at 527-29 (holding that detention pending removal proceedings is not indefinite). In *Banyee*, the Eighth Circuit rejected the need for a multi-factor "reasonableness" test when evaluating the length of mandatory detention pending removal proceedings. 115 F.4th at 933. The Eighth Circuit held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" *Id.* (quoting *Demore*, 538 U.S. at 527). Although *Demore* and *Banyee* involved detention under § 1226(c), their constitutional reasoning applies here because § 1225(b)(2)(A) likewise directs detention only while removal proceedings remain pending, rather than authorizing detention without a statutory endpoint.

Petitioner does not dispute that his removal proceedings remain pending. Accordingly, § 1225(b)(2)(A) mandates Petitioner's detention while his removal proceedings remain pending, and due process does not require his release or an individualized bond hearing under these circumstances. *See Banyee*, 115 F.4th at 932.

To the extent Petitioner asserts substantive due process, that claim also fails. Freedom from imprisonment lies at the heart of the liberty protected by the Due Process Clause, but detention during removal proceedings is a constitutionally valid aspect of the deportation process. *Zadvydas*, 533 U.S. at 690; *Demore*, 538 U.S. at 523-26. An applicant for admission detained under § 1225(b)(2)(A), like Petitioner, has no fundamental liberty interest in a bond hearing or release during the pendency of removal proceedings. *See Banyee*, 115 F.4th at 931-33; *Demore*, 538 U.S. at 523 n.7. Petitioner's detention is rationally related to the Government's legitimate interest in ensuring that, if ordered removed, he can be successfully removed. *See Demore*, 538 U.S. at 528. As discussed above, Petitioner was subject to arrest without a warrant and the manner in which he was apprehended does cause his continued detention to violate due process. As Petitioner has no constitutional right to a bond hearing or to release during the pendency of his removal proceedings, the grounds set forth by Petitioner are without merit.

**Conclusion**

Petitioner's continued detention does not violate procedural due process or substantive due process. Accordingly, the Petition for a Writ of Habeas Corpus is **DENIED**. All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON, JUDGE
UNITED STATES DISTRICT COURT

Dated: September 16, 2026